[No. 1919.   Decided January 28, 1896.]

THE ELLENSBURGH WATER SUPPLY COMPANY, *Appellant,* v. THE CITY OF ELLENSBURGH, *Respondent.*

MUNICIPAL CORPORATIONS — CONTRACT WITH WATER COMPANY — CONSTRUCTION.

The provisions of an ordinance granting a franchise to furnish a city and its inhabitants with water, and providing that the city should pay a stipulated rental for a certain number of hydrants, will not render the city liable for the rent when no hydrants have actually been attached to the mains, and it does not appear that the city had ever been called upon to furnish the hydrants and direct where they should be placed.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge.   Affirmed.

*Alfred E. Buell, Ralph Kauffman,* and *Edward Pruyn,* for appellant.

*John B. Davidson* (*Graves & Wolf,* of counsel), for respondent.

The opinion of the court was delivered by

GORDON, J.—The respondent is a municipal corporation organized and existing under and by virtue of the laws of this state. On the 18th of November, 1889, the council of respondent city passed, and on December 21, 1889, its mayor approved an ordinance, section one of which reads as follows:

"Section 1. The privilege of erecting and maintaining waterworks within the city of Ellensburg, is hereby granted to C. A. Sander, his heirs and assigns, for the purpose of supplying the city of Ellensburg and the inhabitants thereof, with fresh water for domestic purposes, and for fire and sewerage purposes."

Sections five and six of said ordinance are as follows:

"Sec. 5. It shall be the duty of the said C. A. Sander, his heirs and assigns, and they shall be required to place and attach fire hydrants to their mains whenever they may be directed so to do by the said city of Ellensburg, and the same shall be done at the expense of the said city.

"The same shall be for the use of the city for fire and sewerage purposes, but they shall be kept in repair by the said C. A. Sander, his heirs and assigns, and he shall have the control of such hydrants, for all purposes except fire and sewerage.

"Sec. 6. It is hereby further ordained that in consideration of the said C. A. Sander, his heirs and assigns' erecting and causing to be erected and maintained waterworks as aforesaid to supply the said city

and the inhabitants thereof, with water, the said city of
Ellensburg hereby agrees to rent after the termina-
tion of two years as hereinbefore stated, and does
hereby rent from the said C. A. Sander, his heirs and
assigns for the term of twenty-five years, as aforesaid,
twenty-five hydrants and as many more as may be
placed in, under the orders of the city council of
the city of Ellensburg, placed along the mains of
said waterworks, when constructed as herein specified
in such places as may be designated by the city coun-
cil of the city of Ellensburg, and agree to pay there-
for the annual rental of seventy-five ($75) each.

Such rental as the said twenty-five hydrants, to be
computed from the expiration of the two years as afore-
said, and the rental from all the hydrants, except the
said twenty-five, shall be computed from the time
such hydrants are ready for use as a preventative
against fire, and shall be at the same rental as the
twenty-five aforesaid, for said period of time, but the
hydrants other than the said twenty-five, shall be
placed in and taken out subject to the orders of the
city council of the city of Ellensburg, Washington."

The present action was brought to reccver the sum
of nineteen hundred and sixty-nine dollars and twelve
cents for water furnished from January 1, 1893, to
the date of the commencement of said action. In
its complaint, plaintiff alleges that on January 1, 1893,
the said C. A. Sander assigned his interest in said
waterworks and all of his rights and privileges under
said ordinance to the plaintiff. The complaint also
alleges that the —

"Said C. A. Sander and his assigns under the terms
of said ordinance have erected and maintained a sys-
tem of water works for said city of Ellensburgh, and
have furnished, by means of said water works, the said
city of Ellensburgh and the inhabitants thereof with
fresh water for domestic purposes and for fire and
sewerage purposes, and the said C. A. Sander and his

assigns have at all times done and performed all acts and things which they were required to do by the terms of said ordinance, and have fully complied with all the conditions of said ordinance on their part."

Respondent answered, admitting the passage and approval of the ordinance, but denying all other material allegations of the complaint. Said answer also contains certain affirmative defenses not necessary to be considered herein. A jury was expressly waived, and, appellant having rested its case, upon trial to the court a non-suit was granted upon respondent's motion, and from such order of non-suit and judgment dismissing said action, the case is brought to this court upon appeal. The liability of respondent is predicated upon the provisions of section six of said ordinance, whereby the said city "agrees to rent . . . for the term of twenty-five years twenty-five hydrants," etc.

Upon the trial in the lower court, the evidence disclosed that none of the hydrants had been furnished and that none had been placed along appellant's mains. Hence we think that there was a failure of proof and that the non-suit was properly granted. But appellant contends that it was the duty of the city to furnish Sander with said hydrants and direct at what points along said mains the same should be placed by him, and that inasmuch as they were not furnished by respondent, appellant is entitled to recover precisely the same (and in the same form of action) as if said hydrants had been furnished and placed in the system, and water furnished through them for fire and sewerage purposes. With this contention we cannot agree. It does not appear from the pleading or the proof that the appellant or its assignor at any time offered to put said hydrants in place, or

called upon the city to furnish the same or to designate a place where they should be put in. Assuming, without deciding, that it was the duty of the respondent under the language of said ordinance to furnish said hydrants, and that it failed so to do, we think it would, nevertheless, be the duty of appellant or its assignor to have called upon said city authorities to furnish the same and to direct the places wherein they should be placed; but the mere neglect of the city to furnish them, or to direct where they should be placed, in the absence of any showing that they were called upon to do so, would not entitle the appellant to recover under its complaint in this action. The case of *City Council of Montgomery v. Water Works Co.*, 77 Ala. 248, is not in point and does not sustain appellant's contention. The variance was fatal.

In thus disposing of the case we are not to be understood as deciding that as to said twenty-five hydrants it was the duty of the city to furnish or pay for the same. As to whether, under the ordinance in question, the duty of furnishing said hydrants was upon the city or upon the appellant we do not at this time express any opinion, it being sufficient for the purpose of sustaining the judgment of the lower court in the premises to say that, in either case, appellant was not entitled to maintain the action.

The judgment appealed from is affirmed.

HOYT, C. J., and SCOTT, DUNBAR and ANDERS, JJ., concur.